## CELIA TRUPIN ET UX. v. CENTRAL RAILROAD COMPANY OF NEW JERSEY.

Submitted July 2, 1914—Decided February 24, 1915.

Where a commutation ticket sold by a railroad company contains a provision that in consideration of the reduced rate of fare, it shall entitle only the person named therein to ride thereon, and a stipulation that if presented for passage by any other person it will be forfeited and taken up by the conductor, the right of the company to take it up is not limited to the occasion when it is presented by such other person; and if the condition has already been violated, the ticket may be subsequently taken up when presented by the owner. *Harris* v. *Delaware, Lackawanna and Western Railroad Co.*, 77 N. J. L. 278, followed.

On demurrer to plea.

Before GUMMERE, CHIEF JUSTICE, and Justices GARRISON and MINTURN.

For the demurrant, *Winfield S. Angleman.*

*Contra, George Holmes.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The ground of action set out in the declaration is briefly this: That the female plaintiff Celia Trupin, in April, 1905, purchased a commutation ticket of the defendant company entitling her to sixty rides between the city of Plainfield and the city of New York during that month; that on the 11th day of April, and while the ticket was still in full force, she presented it to the conductor of one of the trains upon which she was riding between the points mentioned in it; that the conductor unlawfully refused to recognize her rights under it, took up the ticket, refused to return it to her, and compelled her to pay the ordinary fare to her point of destination; and that thereafter during said month she was required by the defendant company, notwith-

standing its contract obligation as exhibited by the commutation ticket, to pay her fare whenever she was obliged to go from Plainfield to New York and return, whereby she was compelled to expend some fifteen dollars on that account.

The plea demurred to avers that the commutation ticket issued to the plaintiff was sold to her at a reduced rate of fare from the regular rate of fare for sixty rides between the cities named in it, subject to, and under a certain contract referred to on the face of the ticket, and printed on its back, of which she ·had knowledge, and that in and by· its acceptance she agreed to become bound by the provisions contained therein in the use of that ticket for passage on defendant's trains; and that among the provisions of this contract was the· following: "In consideration of the reduced rate at which this ticket is sold the person named thereon agrees * * * that the ticket shall entitle him (or her) only to personal passage on a continuous train * * * and if presented for passage by any other person it will be forfeited and taken up by the conductor." The plea then avers that in violation of this provision of the contract the female plaintiff permitted and allowed this ticket to get into the possession of another person, and permitted and allowed such other person to present it for passage contrary to the conditions of the contract governing its use, and under which it was purchased; and that thereby it became forfeited.. And that afterwards this ticket was presented for passage by the said female plaintiff, and was then taken up by the defendant's conductor, because it had become forfeited by reason of its having been presented for passage by a person other than herself, contrary to the terms of the contract.

The ground of attack upon this plea, as exhibited by the demurrer, is not that the contract of forfeiture is invalid, but that by its provisions the railroad company is only entitled to lift the ticket at the time of its presentation by a person other than him, or her, to whom it is issued. Apparently the pleader overlooked the scope of our decision in *Harris* v. *Delaware, Lackawanna and Western Railroad Co,* 77 N. J. L. 278. In that case we held, not only that a stipu-

lation in a commutation ticket that it is not transferrable, and if offered for passage by any other person than him to whom it is issued it will be forfeited and taken up by the conductor, was valid and binding, but we further held that where a commutation ticket containing such a stipulation has been offered by any other person than him to whom it is issued, the right of the company to take it up is not limited to the occasion when it is presented by such person; and that if the condition has been already violated the ticket may be taken up subsequently when presented by the owner himself.

The rule laid down in that case is controlling in this court, and under it the defendant is entitled to judgment. It will be so ordered.